UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Anthony Germaine Roach,

   Plaintiff,

vs.          REPORT AND RECOMMENDATION

Sterns County,[1]

   Defendant.      Civ. No. 10-910 (DWF/RLE)

* * * * * * * * * * * * * * * * * *

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Application of the Plaintiff for leave to proceed in forma pauperis ("IFP"). See, Docket No. 2.

The Plaintiff appears pro se and, in view of the fact that his Complaint has yet to be served, no appearance has been made by, or on behalf of, the Defendant.

---

[1]We employ the spelling used by the Plaintiff although, undoubtedly, he intended to name Stearns County, Minnesota, as the Defendant.

For reasons which follow, we recommend that the Plaintiff's IFP Application be denied, and that the action be summarily dismissed, pursuant to Title 28 U.S.C. §1915(e)(2)(B)(ii).

## II. Factual and Procedural Background

The Plaintiff, who is an inmate at the Minnesota Correctional Facility, in Moose Lake, Minnesota, commenced this action by filing a pleading entitled "Complaint for Violation of Civil Rights under 42 U.S.C. 1983." See, Docket No. 1. At the time of filing, the Plaintiff did not pay any filing fee for this action but, instead, filed an Application seeking leave to proceed IFP. We previously reviewed the Plaintiff's IFP Application, at which time, we found that it appeared that the Plaintiff had inadvertently omitted a portion of his Complaint, "which presumably included additional allegations in support of his claim for relief." See, Order, Docket No. 3, at p. 2 of 4.

Given that circumstance, we concluded that it would be premature to evaluate the sufficiency of the Plaintiff's Complaint, and as a consequence, we afforded the Plaintiff an opportunity to file an Amended Complaint, in order to correct the deficiency in his initial Complaint. Id. at pp. 3-4 of 4. We further advised the Plaintiff that we would defer a ruling on his IFP Application until he filed an

Amended Complaint, or until the deadline that we set for filing such a pleading had passed. Id.

Thereafter, on April 19, 2010, the Plaintiff submitted the missing pages to his Complaint. As far as we can tell, the only named Defendant in this matter is Sterns County (the "County"). The "Statement of Claim" section of the Plaintiff's Complaint reads, verbatim, as follows:

> Due to the ineffectiveness of counsel During the Period of 10/02 until 12/21/07 I Anthony Germaine Roach was deprived of my liberty which is Guaranteed By the 14th Amendment and the 6th Amendment to have effective Counsel represent me during all court procedures.

Docket No. 4-1, at p. 1 of 2.

The Plaintiff further alleges, in pertinent part, as follows:

> Assistant Public Defender Mark Anderson rendered ineffective Assistance of Counsel when he told myself [sic] in a July 3, 2003 letter that the conditional release term "will not have any substantial effect on your life." Due to this lack of Assistance I spent almost 5 years of my conditional release sentence. Had it not been for the ineffectiveness of Mark Anderson, I missed out on my children [sic] lives, I missed out on Job opportunities, family died, etc.
>
> The Relief sought by the complainant is monatary [sic] Damanges [sic] for lost wages, pain & suffering.

> Around mid December my motion for ineffective counsel was granted by Judge Vicki Landwehr, a District Court Judge out of Sterns County.

Docket No. 4-1, at pp. 1-2 of 2.

Given this background, and the contents of his Amended Complaint, we examine the propriety of granting the Plaintiff pauper status in this case.

### III. Discussion

An IFP application will be denied, and the action dismissed, when a plaintiff has filed a pleading that fails to state a claim on which relief can be granted. See, Title 28 U.S.C. §1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996). Here, we find that, even with the benefit of the most indulgent of constructions, the Plaintiff's pleading is deficient because it fails to state a legally cognizable cause of action.

To state an actionable claim for relief, a Complaint must allege a set of historical facts which, if proven true, would entitle a plaintiff to some legal redress against the named defendants, based upon some settled legal principle or doctrine. While Federal Courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).

Here, the Plaintiff references Title 42 U.S.C. §1983, which suggests that the Plaintiff is attempting to assert a claim, or claims, based upon violations of his constitutional right to the effective assistance of counsel, and his Fourteenth Amendment right to Due Process. However, the Plaintiff has not alleged any facts which suggest that the County violated his constitutional rights in any way.

As noted, the only named Defendant in this action is the County. However, there are no allegations in the Complaint suggesting that the County did anything, or failed to do anything, that could cause it to be liable to the Plaintiff under **any** conceivable legal principle or doctrine. Furthermore, there are no allegations suggesting that the County did anything, or failed to do anything, that caused the Plaintiff a compensable or remediable injury. Simply put, the allegations set forth in the Plaintiff's Complaint do not entitle him to any legal recourse against the named Defendant under any legal theory.

We recognize that the Plaintiff has alleged that Anderson, who is not named as a Defendant as far as we can tell, violated his constitutional rights, by failing to provide effective advice regarding the impact of his conditional release.[2] Even if we

---

[2]Moreover, we also conclude that we cannot construe the Plaintiff's Complaint to assert a claim against Anderson. A public defender does not act under the color of
(continued...)

- 5 -

were to assume that Anderson was an employee of the County, which is far from clear to us, it is well-established that "[a] supervisor may not be held liable under §1983 for the constitutional violations of a subordinate on a respondeat superior theory." Tlamka v. Serrell, 244 F.3d 628, 635 (8th Cir. 2001), citing Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995); Ambrose v. Young, 474 F.3d 1070, 1079 (8th Cir. 2007); Andrews v. Fowler, 98 F.3d 1069, 1074 (8th Cir. 1996), quoting Monell v. Dep't of Social Servs. of the City of New York, 436 U.S. 658, 694 (1978).

Rather, a local government, such as the County, "may be held liable under Section 1983 **only** if a municipal custom or policy caused the deprivation of [a] right

---

²(...continued)
State law, so as to support a claim under Section 1983, when performing the traditional functions of counsel to an indigent defendant, in a State criminal proceeding. See, Polk County v. Dodson, 454 U.S. 312 (1981); Chapman v. Musich, 726 F.2d 405, 407 (8th Cir. 1984); Eling v. Jones, 797 F.2d 697, 698-699 (8th Cir. 1986), cert. denied, 480 U.S. 917 (1987). Here, the Plaintiff's allegations against Anderson relate solely to the traditional functions of a lawyer -- that is, providing legal advice to a criminal defendant, and there are no allegations that Anderson conspired with the County, in order to commit a violation of the Plaintiff's rights. Id. at 699 (recognizing that "an otherwise private person acts 'under color of' state law when engaged in a conspiracy with state officials to deprive another of federal rights."), quoting Tower v. Glover, 467 U.S. 914, 914 (1984). Here, the Plaintiff has made no allegations against Anderson, which would support a finding of State action, so as to properly to state a claim upon which relief can be granted under Section 1983, and accordingly, we find that any attempt to construe the Complaint as asserting a claim against Anderson would not save the Plaintiff's action from dismissal.

protected by the constitution or federal laws." Angarita v. St. Louis County, 981 F.2d 1537, 1546 (8th Cir. 1992)[emphasis added], citing Monell v. Dep't of Social Servs. of the City of New York, supra at 690-691; see also, Williams v. Little Rock Municipal Water Works, 21 F.3d 218, 223 (8th Cir. 1994)("[M]unicipal governments can be held liable for the acts of their employees in contravention of the civil rights of individuals only upon a showing that a 'policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers' is the motivating force behind the acts of those employees."), quoting Monell v. Department of Social Services, supra at 690. Here, the Plaintiff has not alleged that his constitutional rights were violated because of a specific policy, custom, or practice, which had been adopted by the County. Indeed, as we have detailed, the Plaintiff does not make any factual allegations against the County, at all. Therefore, even if the Plaintiff intended to assert a Section 1983 claim against the County, his Complaint would not state an actionable claim for relief.[3]

---

[3]We further note that the Plaintiff's claim also appears to be barred by the principles set forth in Heck v. Humphrey, 512 U.S. 477, 486-487 (1994), wherein the Supreme Court held that a civil rights action for damages, which directly or indirectly called into question the lawfulness of the plaintiff's conviction or sentence, must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. We recognize that the Plaintiff has alleged that his "Motion
(continued...)

Lastly, the only act of assertedly ineffective legal assistance, by Anderson, occurred in a letter dated July 3, 2003. "In Minnesota, §1983 claims are governed by the six-year statute of limitations period of Minnesota's personal injury statute, Minn. Stat. §541.05, subd. 1(5)." <u>Egerdahl v. Hibbing Community College</u>, 72 F.3d 615, 618 n. 3 (8th Cir. 1995), citing <u>Berg v. Groshchen</u>, 437 N.W.2d 75, 77 (Minn.App. 1989). Therefore, in view of the facial allegations of the Plaintiffs' Complaint, which we accept as true, the Plaintiff's action would appear to be time-barred.

Thus, the Plaintiff's Complaint clearly fails to state any legally cognizable cause of action. Based on that determination, we recommend that the Plaintiff's IFP Application be denied, as moot, and that this action be summarily dismissed, pursuant to Title 28 U.S.C. §1915(e)(2)(B)(ii).[4]

---

[3](...continued)
for ineffective counsel was granted," by the Stearns County District Court. See, <u>Docket No. 4-1</u>, at p. 2 of 2. It is not clear to us what this means, and we doubt that this indicates that the Plaintiff's conviction or sentence has been invalidated. However, given our recommendation, and the Plaintiff's failure to otherwise state a claim on which relief can be granted, we need not address this defect any further.

[4]It appears from the Plaintiff's IFP Application that he may be unable to pay even the initial partial filing fee, that prisoners are required to pay. Therefore, the Court finds that the Plaintiff has "no assets and no means by which to pay the initial partial filing fee." <u>Title 28 U.S.C. §1915(b)(4)</u>. Generally, a prisoner who is relieved from paying the initial partial filing fee, for having no assets and no means, must still
(continued...)

NOW, THEREFORE, It is --

RECOMMENDED:

1. That the Plaintiff's Application to Proceed In Forma Pauperis [Docket No. 2] be denied as moot.

2. That this action be summarily dismissed pursuant to Title 28 U.S.C. §1915(e)(2)(B)(ii).

3. That the Plaintiff be relieved from paying the filing fee that would otherwise be due from him.

4. That, irrespective of summary dismissal, the action not be counted as a "strike" for purposes of Title 28 U.S.C. §1915(g).

Dated: June 11, 2010   *s/Raymond L. Erickson*
　　　　　　　　　　　　Raymond L. Erickson
　　　　　　　　　　　　CHIEF U.S. MAGISTRATE JUDGE

---

[4](...continued)
pay the remaining balance of the $350.00 filing fee, if and when he obtains the necessary funds. Here, however, we recommend that the Plaintiff be relieved from paying the filing fee in this matter, as he appears to completely misapprehend the requisites of a cognizable claim. We further recommend that the dismissal of the Plaintiff's claim not count as a "strike" for purposes of Title 28 U.S.C. §1915(g).

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2, any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties by no later **June 25, 2010,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than June 25, 2010**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.